# COUNTY OF SOMERSET.

————————o————————

## BERNARD KENNEDY *versus* MOSES H. PIKE.

The certificate of appraisers of property attached on *mesne* process, upon the back of a writ, and adopted by the officer as a part of his return, together with the latter, are both competent evidence as to the disposition of the property sold.

This is an action of trespass, brought against the defendant as sheriff of this county, for taking and carrying away certain personal property. It appeared in evidence that a writ, dated 25th October, 1855, in favor of Ebenezer S. Page and al., and against Matthew Kennedy and als., was on that day delivered to the defendant for service, and the property in controversy was attached by the defendant and the writ returned and entered at the December term of this court, Somerset county, 1855, and is still pending. The officer's returns on that writ were offered and received, in evidence, though objected to, on the ground that it is not competent for appraisers to certify and make their certificate evidence; and also that the return of the sheriff is not competent evidence to show the doings of the appraisers; and also that the returns contained recitals of other facts not competent for him to return. There was evidence tending to prove that the property in controversy belonged to said Matthew Kennedy and others, on and prior to the 23d of April, 1855, and was on that day conveyed by mortgage bill of sale to the plaintiff, Bernard Kennedy, under which he took and retained possession; that on that day, and before, said Page and al. were, and ever since have been, creditors of said Matthew Kennedy and als. There was evidence tending to

show that the conveyance of the 23d of April, 1855, was fraudulent, and intended by the parties to protect the same from attachment. Thereupon by agreement the case was withdrawn from the jury, and submitted to the full court, upon the following conditions:

1. If the said officer's return as to the disposition of all the property, or, the appraisers' return is competent evidence, and both returns together show a proper disposition of all the property, final judgment is to be rendered for the defendant, and no further action is to be brought for the cause or any part thereof.

2. If, in the opinion of the court, the fraudulent vendee of property (who has the same in possession) conveyed to prevent it from attachment, is not at liberty to contest the regularity of the proceedings of the sheriff, as to his disposition of the property after the attachment, in such a case as this, then the action is to be disposed of as before stated; otherwise the case is to stand for trial.

*John H. Webster*, counsel for plaintiff.

*J. S. Abbott* and *Snell*, counsel for defendant.

TENNEY, C. J.    A question involved in this case is, whether the officer's return, as to the disposition of the property, which is the subject matter of the suit; or the appraisers' return, is competent evidence; and whether both returns together show a proper disposition of all the goods.

Where property attached is of certain descriptions, or in certain conditions, and held on *mesne* process, if the parties shall not consent to a sale thereof, at the request of either party therein interested, it may be examined and appraised by three disinterested persons, acquainted with the nature and value of such goods, to be appointed in the manner prescribed in the statute, and duly sworn. If the appraisers, upon the examination of the property attached, shall be of the opinion that the same, or any part of it, is liable to perish, to waste, or be greatly reduced in value by keeping,

or be kept at great expense, they shall proceed to appraise the same, according to their best judgment, at the value thereof in money; and the goods shall thereupon be sold by the officer, and the sale shall be made, and the proceeds thereof disposed of, in the manner required, in case of sale on execution. R. S. of 1841, chap. 114, secs. 52 to 56 inclusive.

The determination of the appraisers that the property is such, or so conditioned, as to be the subject of sale under the statute, is made conclusive, and the officer is bound, after the appraisal, to make sale thereof, in the discharge of a ministerial duty. Hence, if the goods are sold in the mode required, and the proper evidence thereof exhibited, the officer is in no peril, notwithstanding the judgment of the appraisers may have been erroneous. Crocker v. Baker and trustees, 18 Pick, 407.

The officer, being thus bound to sell the property, it is necessary that he should have full and precise knowledge of the articles attached, of which he is required to make the sale. If the certificate of the appraisers is to be regarded as the proper source of information, it would be analagous to other cases of appraisement, such as that of an extent upon real estate taken in execution. R. S., chap. 94, sec. 6. In the case last referred to, however, the certificate of appraisal is expressly required, and upon the one now under consideration the statute is silent in that respect.

Upon request made to the officer, holding the goods on *mesne* process for an examination and appraisal, all the subsequent proceedings, to the time when the appraisers shall have performed their whole duty, seem to be required to be in the presence and under the authority of the officer. The goods are supposed to be in his custody; he is responsible for their safe keeping; in the notices to the parties interested, and in the selection of the appraisers, he is charged with important duties. And whatever the appraisers make known as their judgment in the premises, he is presumed to be advised of so fully as to become responsible.

28

If the certificate of the appraisers that they have found the property such that it is the subject of sale, and have appraised the same, is not information upon which it is his duty to proceed, no reason is perceived for holding the return of the officer insufficient evidence of the adjudication, and of his authority to proceed in the discharge of his duty, under the statute. Where he cannot omit to make sale, in exercise of any discretion, it would be absurd to hold, that neither the certificate of the appraisers, nor the return made by himself, all being under oath, should not be evidence of a defence to a suit brought against the latter for a trespasss upon the property; but that he should be obliged to resort to parol proof of facts for his protection, years after those facts transpired, which, at best, must be attended with uncertainty, or perhaps be lost entirely.

It is not denied that sales of property upon *mesne* process, under the provision of the statute, which we are considering, like those made upon executions, are to be shown by the return of the officer who made them upon the writ in each case. In the sale upon execution it is a principle too familiar to require the citations of authority, that the return must show affirmatively that all the steps required by the statute in making the sale have been taken. Without this the officer may be treated as a trespasser *ab initio*. The right to sell property upon *mesne* process, without consent of parties, must depend upon the proceedings required by the statute. If the examination made by the appraisers, and their appraisal, is not stated in the return or certificate, it is manifest that evidence is absolutely wanting of an authority in the officer to make sale, and he must be treated as a trespasser.

In the case before us, the certificate of the appraisers, signed by them and endorsed upon the writ, contained all the facts which the statute requires to authorize a sale. The same facts stated therein appear also in the officer's return as having become known to him at the time of the examination and appraisal. In addition, he expressly states

in his return that he adopts their certificate as a part thereof.

We cannot doubt that, the certificate of the appraisers being upon the back of the writ, and adopted by the officer as a part of his return, together with the latter, are both of them competent evidence; and that the two in connection show a proper disposition of all the property sold.

According to the agreement of the parties, judgment must be entered for the defendant.